DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE & BRUNNER
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiffs
LAMESHA SMITH,
CHARDONNAY CRANE,
GAVONYAH WARREN,
and TYRONE SMITH

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMESHA SMITH, CHARDONNAY CRANE, GAVONYAH WARREN, and TYRONE SMITH,<br><br>  Plaintiffs,<br><br>  vs.<br><br>CITY OF OAKLAND,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Civil Rights)**<br><br>**Demand for Jury Trial** |

LAMESHA SMITH, as the wife of MARCELLUS TONEY, deceased, and CHARDONNAY CRANE, GAVONYAH WARREN, and TYRONE SMITH, the step children of MARCELLUS TONEY, bring this combined survival and wrongful death action on behalf of MARCELLUS TONEY. Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to

---

*Smith v. City of Oakland*, Case No.
Complaint - 1

address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution), and 42 U.S.C. § 1983.

2. The state law claims in this action are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 U.S.C. § 1367.

3. Venue is proper in the United State District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

**PARTIES**

4. At all times relevant hereto, plaintiff LAMESHA SMITH was the wife of MARCELLUS TONEY.

5. At all times relevant hereto, plaintiff CHARDONNAY CRANE was the step daughter of MARCELLUS TONEY, with whom she shared a residence and from whom she received financial and emotional support.

6. At all times relevant hereto, plaintiff GAVONYAH WARREN was the step daughter of MARCELLUS TONEY, with whom she shared a residence and from whom she received financial and emotional support.

7. At all times relevant hereto, plaintiff TYRONE SMITH was the step son of MARCELLUS TONEY, with whom he shared a residence and from whom he received financial and emotional support.

8. At all times relevant hereto, defendant CITY OF OAKLAND was a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, defendant CITY OF OAKLAND operates the Oakland

Police Department and employs its officers.

## STATEMENT OF FACTS

9. Decedent MARCELLUS TONEY, JR. was a 45-year-old husband and step father of five children who resided in Novato, California.

10. MR. TONEY was employed as a supervisor at Goodwill Industries, Inc.

11. On Thursday, September 28, 2017, at approximately 2:21 p.m. near the intersection of Foothill Boulevard and 42nd Avenue in Oakland, MR. TONEY was involved in a vehicle accident.

12. MR. TONEY sought help for himself and the others involved in the accident from a nearby AC Transit bus.

13. The driver of the AC Transit bus and those onboard declined to help MR. TONEY.

14. Police arrived and attended to the individuals in the other vehicle.

15. MR. TONEY remained on scene.

16. An as yet unknown female Oakland Police Department officer contacted MR. TONEY.

17. MR. TONEY informed her that he was involved in the accident, that he was under the influence, and that he was sorry.

18. The female officer grabbed MR. TONEY by the arm and led him away from the crowd.

19. Suddenly and without proper justification to do so, the female officer deployed her taser and used it on MR. TONEY.

20. At least one additional male Oakland Police Department officer came to assist the female police officer with MR. TONEY.

21. The Oakland Police Department officers placed MR. TONEY in handcuffs.

22. The Oakland Police Department officers took MR. TONEY to a police vehicle and attempted to place him in the back seat.

23. On information and belief, MR. TONEY was partially lent into the back seat of the police vehicle when he was tased additional times.

24. MR. TONEY was then placed in leg restraints.

25. Four to five Oakland Police Department officers, including the female officer who initially tased him, pinned MR. TONEY to the ground on his back until paramedics came.

26. An Oakland Police Department supervisor instructed paramedics to administer medication to MR. TONEY.

27. Shortly after, MR. TONEY experienced cardiac arrest and was never revived.

28. MR. TONEY was declared dead at 6:25 p.m.

29. All Oakland police officers present at the scene knew or should have known that MR. TONEY did not represent a serious risk of harm to any present Oakland police officer or the public at large.

30. The Oakland police officers present used excessive and unnecessary force against MR. TONEY, causing his death.

31. On information and belief, the officers involved remain employed by the Oakland Police Department.

**EXHAUSTION OF ADMINISTRATIVE RELIEF**

32. Plaintiffs filed a California Government Tort Claims Act claim regarding the matters asserted herein with the CITY OF OAKLAND pursuant to California Government Code section 910 *et seq.* on March 27, 2018. The CITY OF OAKLAND denied their claim on April 16, 2018.

///

///

///

///

## FIRST CLAIM FOR RELIEF
## USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT
(By plaintiff LAMESHA SMITH as successor-in-interest to decedent MARCELLUS TONEY against the involved officers as employees of defendant CITY OF OAKLAND)
(42 U.S.C. § 1983)

33.     Plaintiffs incorporate by reference paragraphs 1 through 32 above as though fully set forth herein.

34.     By virtue of the foregoing, defendant CITY OF OAKLAND's employees acted under color of law when they engaged in the extrajudicial killing of decedent MARCELLUS TONEY without lawful justification and deprived decedent of his right under the Fourth Amendment to the United States Constitution to be free of unreasonable seizure of his person by use of excessive force.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF A CHILD'S RIGHT TO FAMILIAL RELATIONSHIP
(By plaintiffs CHARDONNAY CRANE, GAVONYAH WARREN, and TYRONE SMITH against the involved officers as employees of defendant CITY OF OAKLAND)
(42 U.S.C. § 1983)

35.     Plaintiffs incorporate by reference paragraphs 1 through 34 above as though fully set forth herein.

36.     By virtue of the foregoing, defendant CITY OF OAKLAND's employees acted under color of law when they engaged in the extrajudicial killing of decedent MARCELLUS TONEY without lawful justification and deprived CHARDONNAY CRANE, GAVONYAH WARREN, and TYRONE SMITH of their substantive due process rights under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with their step father.

///

///

///

### THIRD CLAIM FOR RELIEF
### FAILURE TO TRAIN, SUPERVISE and DISCIPLINE
(By plaintiff LAMESHA SMITH as successor-in-interest to decedent MARCELLUS TONEY against defendant CITY OF OAKLAND)
(42 U.S.C. § 1983)

37. Plaintiffs incorporate by reference paragraphs 1 through 36 above as though fully set forth herein.

38. Defendant CITY OF OAKLAND failed in its obligation to adequately train, supervise and discipline its police officers to refrain from subjecting persons being detained to excessive force.

39. By virtue of the foregoing, defendant CITY OF OAKLAND was deliberately indifferent to the obvious consequences of its failure to train its police officers. As a result of inadequate training policies, officers employed by the CITY OF OAKLAND deprived MARCELLUS TONEY of his rights, as set forth above.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA BANE ACT
(By plaintiff LAMESHA SMITH as successor-in-interest to decedent MARCELLUS TONEY against the involved officers as employees of defendant CITY OF OAKLAND)
(California Civil Code § 52.1)

40. Plaintiffs incorporate by reference paragraphs 1 through 39 above as though fully set forth herein.

41. By virtue of the foregoing, defendant CITY OF OAKLAND's employees interfered by threats, intimidation, or coercion with the rights of MARCELLUS TONEY, secured by the Constitution of the United States and the Constitution of the State of California.

42. By virtue of the foregoing, all defendants acted with malice and oppression and the intent to deprive and did deprive MARCELLUS TONEY of his rights to be free from detention using excessive force.

*Smith v. City of Oakland*, Case No.
Complaint - 6

**FIFTH CLAIM FOR RELIEF**
**BATTERY BY A POLICE OFFICER**
(By plaintiff LAMESHA SMITH as successor-in-interest to decedent MARCELLUS TONEY against the involved officers as employees of defendant CITY OF OAKLAND)

43. Plaintiffs incorporate by reference paragraphs 1 through 42 above as though fully set forth herein.

44. By virtue of the foregoing, defendant CITY OF OAKLAND's employees intentionally subjected decedent MARCELLUS TONEY to the use of unreasonable force.

45. By virtue of the foregoing, defendant CITY OF OAKLAND learned that its employees intentionally subjected decedent to the use of unreasonable force and approved such conduct.

46. By virtue of the foregoing, defendant CITY OF OAKLAND is liable for the acts of its employees, all of whom acted within the course and scope of their employment.

**SIXTH CLAIM FOR RELIEF**
**NEGLIGENCE**
(By plaintiff LAMESHA SMITH as successor-in-interest to decedent MARCELLUS TONEY against the involved officers as employees of defendant CITY OF OAKLAND)

47. Plaintiffs incorporate by reference paragraphs 1 through 46 above as though fully set forth herein.

48. By virtue of the foregoing, defendant CITY OF OAKLAND's employees breached their duty to not use excessive force against MARCELLUS TONEY and this breach was the proximate cause for his harm.

49. By virtue of the foregoing, defendant CITY OF OAKLAND learned that its employees breached their duty to not use excessive force against decedent and approved such conduct.

50. By virtue of the foregoing, defendant CITY OF OAKLAND is liable for the acts of its employee, each of whom acted within the course and scope of his employment.

51. By virtue of the foregoing, defendant CITY OF OAKLAND failed to use reasonable care in the training and supervision of the involved officers.

**SEVENTH CLAIM FOR RELIEF**
**WRONGFUL DEATH**
(By plaintiffs LAMESHA SMITH, CHARDONNAY CRANE, GAVONYAH WARREN, and TYRONE SMITH against all defendant CITY OF OAKLAND and its employees, the involved officers)
(Cal. Code Civ. Proc., § 377.60)

52. Plaintiffs incorporate by reference paragraphs 1 through 51 above as though fully set forth herein.

53. By virtue of the foregoing, defendant CITY OF OAKLAND's employees, intentionally subjected decedent MARCELLUS TONEY to unreasonable force, and breached their duty to not use excessive force against decedent, resulting in the death of decedent and pecuniary loss to plaintiffs.

54. By virtue of the foregoing, defendant CITY OF OAKLAND learned that its employees intentionally subjected decedent to unreasonable force and breached their duty to not use excessive force against decedent and approved such conduct.

55. By virtue of the foregoing, defendant CITY OF OAKLAND is liable for the acts of its employees, all of whom acted within the course and scope of their employment.

**DAMAGES**

56. As a result of the actions of defendant and its employees, plaintiffs have been injured and have suffered damages as follows:

a. They have been physically, mentally, emotionally, and financially injured and damaged as a proximate result of MARCELLUS TONEY'S wrongful death, including, but not limited to, the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

b. They have incurred funeral and burial expenses;

c. They have lost the value of financial support that decedent contributed to the family;

d. In her capacity as successor-in-interest to decedent, LAMESHA SMITH is entitled to recover for the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived.

e. In taking the actions alleged above, the Oakland Police Department officers engaged in conduct that was malicious, oppressive, and in reckless disregard of the rights of decedent and plaintiffs. Accordingly, plaintiffs are entitled to punitive damages against the officers.

WHEREFORE, plaintiffs request that this Court grant them relief as follows:

(1) General damages, in an amount to be determined;

(2) Special damages, in an amount to be determined;

(3) Punitive damages, in an amount to be determined;

(4) Reasonable attorney's fees under 42 U.S.C. § 1988;

(5) Injunctive relief;

(6) Costs of suit; and

(7) Such other and further relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: October 11, 2018

SIEGEL, YEE & BRUNNER

By: _____
Emily Rose Johns

Attorneys for Plaintiffs
LAMESHA SMITH,
CHARDONNAY CRANE,
GAVONYAH WARREN,
and TYRONE SMITH