1  DAN SIEGEL, SBN 56400
2  EMILYROSE JOHNS, SBN 294319
   SIEGEL, YEE, BRUNNER & MEHTA
3  475 14th Street, Suite 500
   Oakland, California 94612
4  Telephone: (510) 839-1200
   Facsimile: (510) 444-6698
5

6  Attorneys for Plaintiffs
   LAMESHA SMITH,
7  CHARDONNAY CRANE,
   GAVONYAH WARREN,
8  and TYRONE SMITH

9

10              **UNITED STATES DISTRICT COURT**

11         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13  LAMESHA SMITH, CHARDONNAY          )  Case No. 3:18-cv-06224-EDL
    CRANE, GAVONYAH WARREN, and        )
14  TYRONE SMITH,                      )  **SECOND AMENDED COMPLAINT**
                                       )  **FOR DAMAGES**
15              Plaintiffs,            )
                                       )  **(Civil Rights)**
16         vs.                         )
                                       )  **Demand for Jury Trial**
17                                     )
    CITY OF OAKLAND and SARAH          )
18  LANGLAIS,                          )
                                       )
19              Defendants.            )
20  _____  )

21         LAMESHA SMITH, CHARDONNAY CRANE, GAVONYAH WARREN, and

22  TYRONE SMITH, family members of MARCELLUS TONEY, deceased, bring this civil

23  rights action regarding the death of MARCELLUS TONEY in Oakland Police

24  Department custody on September 28, 2017.

25         Plaintiffs allege as follows:

26              **JURISDICTION AND VENUE**

27         1.     This Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. §

28  1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to

1    address deprivations, under color of state authority, of rights, privileges, and

2    immunities secured by the U.S. Constitution), and 42 U.S.C. § 1983.

3        2.    Venue is proper in the United State District Court for the Northern

4    District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are

5    located in the Northern District of California and § 1391(b)(2) because all of the acts

6    and/or omissions complained of herein occurred within the Northern District of

7    California.

8                                **PARTIES**

9        3.    At all times relevant hereto, plaintiff LAMESHA SMITH was the former

10    wife MARCELLUS TONEY. At the time of his death, MS. SMITH and MR. TONEY

11    lived together, and had done so for the previous five years. They also shared

12    responsibility for raising children. MR. TONEY provided financial and emotional

13    support to MS. SMITH and her children CHARDONNAY CRANE, GAVONYAH

14    WARREN, and TYRONE SMITH.

15        4.    At all times relevant hereto, plaintiff CHARDONNAY CRANE, daughter of

16    LAMESHA SMITH, was raised by MS. SMITH and MARCELLUS TONEY. At the time

17    of his death, MS. CRANE shared a residence with MR. TONEY, and she received

18    financial and emotional support from him.

19        5.    At all times relevant hereto, plaintiff GAVONYAH WARREN, daughter of

20    LAMESHA SMITH, was raised by MS. SMITH and MARCELLUS TONEY. At the time

21    of his death, MS. WARREN, shared a residence with MR. TONEY, and she received

22    financial and emotional support from him.

23        6.    At all times relevant hereto, plaintiff TYRONE SMITH, son of LAMESHA

24    SMITH, was raised by MS. SMITH and MARCELLUS TONEY. At the time of his death,

25    MR. SMITH shared a residence with MR. TONEY, and he received financial and

26    emotional support from him.

27        7.    At all times relevant hereto, defendant CITY OF OAKLAND was a

28

municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, defendant CITY OF OAKLAND operates the Oakland Police Department and employs its officers.

8.     At all times relevant hereto, defendant SARAH LANGLAIS was a police officer employed by the Oakland Police Department in the CITY OF OAKLAND. She is sued individually and in her official capacity as a police officer for the CITY OF OAKLAND.

## STATEMENT OF FACTS

9.     Decedent MARCELLUS TONEY was a 45-year-old resident of Novato, California. He lived with his family, plaintiffs LAMESHA SMITH, CHARDONNAY CRANE, GAVONYAH WARREN, and TYRONE SMITH.

10.     MR. TONEY was employed as a supervisor at Goodwill Industries, Inc.

11.     MR. TONEY and MS. SMITH were married for over three years and recently divorced. Despite their divorce, they remained living as a family in the same home. They held and attended family events together, including a Fourth of July Barbecue in July 2017 and a family reunion in August 2017 for MR. TONEY's family. They continued to share household expenses and continued to share responsibility for raising and paying for the family expenses of MS. SMITH's children, CHARDONNAY CRANE, GAVONYAH WARREN, and TYRONE SMITH.

12.     On Thursday, September 28, 2017, at approximately 2:21 p.m. near the intersection of Foothill Boulevard and 42nd Avenue in Oakland, MR. TONEY was involved in a vehicle accident.

13.     MR. TONEY sought help for himself and the others involved in the accident from a nearby AC Transit bus.

14.     The driver of the AC Transit bus and those onboard declined to help MR. TONEY.

15.     Officer SARAH LANGLAIS arrived, made contact with MR. TONEY, and

1  then attended to an individual in another vehicle.

2      16.    MR. TONEY remained on scene.

3      17.    MR. TONEY informed OFFICER LANGLAIS that he was involved in the

4  accident, that he was under the influence, and that he was sorry.

5      18.    OFFICER LANGLAIS grabbed MR. TONEY by the arm and led him away

6  from the crowd. She placed him in handcuffs.

7      19.    OFFICER LANGLAIS was joined by Officer Zachary Mattson. Both

8  officers attempted to force MR. TONEY into an OPD vehicle.

9      20.    Suddenly and without proper justification to do so, OFFICER LANGLAIS

10 deployed her taser and used it on MR. TONEY.

11     21.    Officer Marisa Fiorino and Officer Carla Vasquez-Reuda joined OFFICER

12 LANGLAIS and Officer Mattson and pinned MR. TONEY to the ground on his back

13 until paramedics came.

14     22.    Shortly after, MR. TONEY experienced cardiac arrest and was never

15 revived.

16

17     23.    MR. TONEY was declared dead at 6:25 p.m.

18     24.    All Oakland police officers present at the scene knew or should have

19 known that MR. TONEY did not represent a serious risk of harm to any present

20 Oakland police officer or the public at large.

21     25.    OFFICER LANGLAIS used excessive and unnecessary force against MR.

22 TONEY, causing his death.

23     26.    The CITY OF OAKLAND failed to train OFFICER LANGLIAS to refrain

24 from the unnecessary use of her taser. Additionally, the CITY OF OAKLAND failed to

25 train OFFICER LANGLIAS and other Oakland Police Officers including Officers

26 Mattson, Fiorino and Vasquez-Reuda in identification of persons possibly suffering

27 from symptoms of "Excited Delirium," and proper detention protocol when a person is

28 suspected of suffering from symptoms of "Excited Delirium."

---

*Smith v. City of Oakland*, Case No. 3:18-cv-06224-EDL
Second Amended Complaint - 4

27.     On information and belief, the officers involved remain employed by the Oakland Police Department.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF RIGHT TO FAMILIAL RELATIONSHIP**
(By plaintiffs LAMESHA SMITH, CHARDONNAY CRANE, GAVONYAH WARREN, and TYRONE SMITH against defendant SARAH LANGLAIS)
(42 U.S.C. § 1983)

28.     Plaintiffs incorporate by reference paragraphs 1 through 27 above as though fully set forth herein.

29.     By virtue of the foregoing, defendant SARAH LANGLAIS acted under color of law when she engaged in the extrajudicial killing of decedent MARCELLUS TONEY without lawful justification and deprived LAMESHA SMITH, CHARDONNAY CRANE, GAVONYAH WARREN, and TYRONE SMITH of their substantive due process rights under the Fourteenth Amendment to the United States Constitution to the companionship and society of and association with their family member.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF RIGHT TO ASSOCIATION**
(By plaintiffs LAMESHA SMITH, CHARDONNAY CRANE, GAVONYAH WARREN, and TYRONE SMITH against defendant SARAH LANGLAIS)
(42 U.S.C. § 1983)

30.     Plaintiffs incorporate by reference paragraphs 1 through 29 above as though fully set forth herein.

31.     By virtue of the foregoing, defendant SARAH LANGLAIS acted under color of law when she engaged in the extrajudicial killing of decedent MARCELLUS TONEY without lawful justification and deprived LAMESHA SMITH, CHARDONNAY CRANE, GAVONYAH WARREN, and TYRONE SMITH of their right to association with MARCELLUS TONEY under the First Amendment to the United States Constitution.

**THIRD CLAIM FOR RELIEF**
**FAILURE TO TRAIN**
(By plaintiffs LAMESHA SMITH, CHARDONNAY CRANE, GAVONYAH WARREN,
and TYRONE SMITH against defendant CITY OF OAKLAND)
(42 U.S.C. § 1983)

32.     Plaintiffs incorporate by reference paragraphs 1 through 31 above as though fully set forth herein.

33.     Defendant CITY OF OAKLAND failed in its obligation to adequately train its police officers to refrain from subjecting persons being detained to excessive and unnecessary force.

34.     By virtue of the foregoing, defendant CITY OF OAKLAND was deliberately indifferent to the obvious consequences of its failure to train its police officers. As a result of inadequate training policies, officers employed by the CITY OF OAKLAND caused the death of MARCELLUS TONEY, as set forth above, thereby violating the rights of plaintiffs secured by the First and Fourteenth Amendments.

**DAMAGES**

35.     As a result of the actions of defendant and its employees, plaintiffs have been injured and have suffered damages as follows:

a.     They have been physically, mentally, emotionally, and financially injured and damaged as a proximate result of MARCELLUS TONEY'S wrongful death, including, but not limited to, the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

b.     They have incurred funeral and burial expenses;

c.     They have lost the value of financial support that decedent contributed to the family;

d.     In taking the actions alleged above, the Oakland Police Department

officer engaged in conduct that was malicious, oppressive, and in reckless disregard of the rights of decedent and plaintiffs. Accordingly, plaintiffs are entitled to punitive damages against the officer.

WHEREFORE, plaintiffs request that this Court grant them relief as follows:

(1) General damages, in an amount to be determined;

(2) Special damages, in an amount to be determined;

(3) Punitive damages, in an amount to be determined;

(4) Reasonable attorney's fees under 42 U.S.C. § 1988;

(5) Injunctive relief;

(6) Costs of suit; and

(7) Such other and further relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: May 24, 2019

SIEGEL, YEE, BRUNNER & MEHTA

By: _/s/ EmilyRose Johns_
    EmilyRose Johns

Attorneys for Plaintiffs
LAMESHA SMITH,
CHARDONNAY CRANE,
GAVONYAH WARREN,
and TYRONE SMITH