BARBARA J. PARKER, City Attorney, SBN 069722
MARIA BEE, Chief Assistant City Attorney, SBN 167716
DAVID A. PEREDA, Special Counsel, SBN 237982
BEN PATTERSON, Deputy City Attorney, SBN 268696
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Phone: (510) 238-4921, Fax: (510) 238-6500
Email: bpatterson@oaklandcityattorney.org
32640/2764777

Attorneys for Defendant
CITY OF OAKLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

LAMESHA SMITH, CHARDONNAY
CRANE, GAVONYAH WARREN, and
TYRONE SMITH,

        Plaintiffs,

        v.

CITY OF OAKLAND and SARAH
LANGLAIS,

        Defendants.

Case No. 3:18-cv-06224-EDL

**DEFENDANT CITY OF OAKLAND'S
ANSWER TO THE SECOND
AMENDED COMPLAINT**

      Defendant CITY OF OAKLAND (hereinafter, the "City") extends its deepest sympathy and condolences to the Plaintiffs. At the same time, the City asserts that neither the facts nor the law establish that the City caused the tragic death at issue here. Accordingly, the City answers the Plaintiffs' Second Amended Complaint as follows:

## JURISDICTION AND VENUE

      1.     As to Paragraph 1, the City admits the allegations regarding the Court's federal jurisdiction.

      2.     As to Paragraph 2, the City admits the allegations regarding venue.

## PARTIES

3. As to Paragraph 3, the City admits that Plaintiff Lamesha Smith was the former wife of decedent Marcellus Toney, but has insufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that ground, denies those allegations.

4. As to Paragraph 4, the City has insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, denies the allegations.

5. As to Paragraph 5, the City has insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, denies the allegations.

6. As to Paragraph 6, the City has insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, denies the allegations.

7. As to Paragraph 7, the City admits the allegations.

8. As to Paragraph 8, the City admits the allegations.

## PLAINTIFFS' STATEMENT OF FACTS

9. As to Paragraph 9, the City admits that Decedent was named "Marcellus Toney" and 45 years old at the time of his death, but the City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that ground, denies those allegations.

10. As to Paragraph 10, the City has insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, denies the allegations.

11. As to Paragraph 11, the City admits that Marcellus Toney and Plaintiff Lamesha Smith were married and divorced, but has insufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that ground, denies those allegations.

12. As to Paragraph 12, the City admits that Marcellus Toney caused multiple motor vehicle collisions on September 28, 2017, at approximately 2:21 p.m., near the intersection of Foothill Boulevard and 42nd Avenue, Oakland, California. Furthermore, as to the allegations in Paragraphs 12 through 27, the City has insufficient knowledge or information to form a belief as to the truth of the <u>sequence</u> of events indicated by the order in which those allegations are made, and on that ground, denies the sequence of the events indicated or suggested by those allegations.

13. As to Paragraph 13, the City has insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, denies the allegations.

14. As to Paragraph 14, the City has insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, denies the allegations.

15. As to Paragraph 15, the City admits the allegations.

16. As to Paragraph 16, the City admits the allegation that Marcellus Toney remained on scene following his contact with Officer Langlais.

17. As to Paragraph 17, the City admits that Marcellus Toney made statements admitting that he caused the motor vehicle collisions and that he was under the influence, but the City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17, and on that ground, denies those allegations.

18. As to Paragraph 18, the City admits that Officer Langlais, at some point during her interaction with Marcellus Toney, led him away from a bus while holding his arm. Later, Officer Langlais attempted to place Mr. Toney in handcuffs, but was unable to do so alone because Mr. Toney resisted her efforts and was not cooperative. The City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that ground, denies those allegations.

19. As to Paragraph 19, the City admits the allegations.

20. As to Paragraph 20, the City admits that Officer Langlais deployed her Oakland Police Department electronic control weapon (commonly known as a Taser) once on Marcellus Toney, but the City denies the deployment was "suddenly." The City has insufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that ground, denies those allegations.

21. As to Paragraph 21, the City admits that, at some point, Officers Marisa Fiorino and Carla Vasquez-Rueda arrived and assisted Officer Langlais and Officer Mattson, but denies that Marcellus Toney was "pinned…to the ground on his back" the entire time until paramedics came to Mr. Toney.

1     22.     As to Paragraph 22, the City admits that Marcellus Toney, at some point,

2    experienced cardiac arrest, but has insufficient knowledge or information to form a belief as to the

3    truth of the remaining allegations, and on that ground, denies those allegations.

4     23.     As to Paragraph 23, the City admits that a medical doctor pronounced Marcellus

5    Toney dead at about 6:25 p.m. on September 28, 2017.

6     24.     The allegations in Paragraph 24 are Plaintiffs' legal conclusions, which do not

7    require a response.  To the extent a response is required, the City denies the allegations.

8     25.     The allegations in Paragraph 25 are Plaintiffs' legal conclusions, which do not

9    require a response.  To the extent a response is required, the City denies the allegations.  The

10   Alameda County Coroner reported that the Cause of Death was "Excited Delirium Syndrome" with

11   "Acute Alcohol and Methamphetamine Intoxication" as conditions leading to the cause of death

12   and "Hypertensive Arteriosclerotic Cardiovascular Disease, Obesity, Chronic Cocaine Abuse" as

13   other significant conditions contributing to death.

14    26.     As to Paragraph 26, the City denies that it failed to train Officer Langlais from the

15   unnecessary use of her Taser and denies that it failed to train Officers Langlais, Mattson, Fiorino,

16   and Vasquez-Rueda regarding identification of Excited Delirium Syndrome and related detention

17   issues, but has insufficient knowledge or information to form a belief as to the truth of the

18   remaining allegations, and on that ground, denies those allegations.

19    27.     As to Paragraph 27, the City admits that Officers Langlais, Mattson, Fiorino, and

20   Vasquez-Rueda remain employed by the Oakland Police Department, but has insufficient

21   knowledge or information, including as to whom the Plaintiffs consider to be any other "officers

22   involved," to form a belief as to the truth of the allegations, and on that ground, denies the

23   allegations.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF RIGHT TO FAMILIAL RELATIONSHIP**
(By Plaintiffs Against Defendant SARAH LANGLAIS)
(42 U.S.C. § 1983)

24

25

26    28.     As to Paragraph 28, the City hereby incorporates by reference all previous responses

27   as if set forth in full.

28    29.     The allegations in Paragraph 29 do not require a response because they are

Plaintiffs' legal conclusions and are not directed against the City. To the extent a response is required, the City denies the allegations.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF RIGHT TO ASSOCIATION
(By Plaintiffs Against Defendant SARAH LANGLAIS)
(42 U.S.C. § 1983)

30. As to Paragraph 30, the City hereby incorporates by reference all previous responses as if set forth in full.

31. The allegations in Paragraph 31 do not require a response because they are Plaintiffs' legal conclusions and are not directed against the City. To the extent a response is required, the City denies the allegations.

## THIRD CLAIM FOR RELIEF
## FAILURE TO TRAIN
(By Plaintiffs Against Defendant CITY OF OAKLAND)
(42 U.S.C. § 1983)

32. As to Paragraph 32, the City hereby incorporates by reference all previous responses as if set forth in full.

33. The allegations in Paragraph 33 are Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, the City denies the allegations.

34. The allegations in Paragraph 34 are Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, the City denies the allegations.

## DAMAGES

35. As to Paragraph 35, the City denies that its actions and the actions of its employees injured Plaintiffs. The remaining allegations in Paragraph 35 contain Plaintiffs' requests for relief and legal conclusions, which do not require a response. For any remaining allegations, the City has insufficient knowledge or information to form a belief as to the truth of those remaining allegations, and on that ground, denies those allegations.

# AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Second Amended Complaint, and each cause of action asserted within the Second Amended Complaint, the City states as follows:

**First Affirmative Defense:** Plaintiffs lack standing to bring this action.

**Second Affirmative Defense:** The Second Amended Complaint, and each purported cause of action asserted therein, fails to state a claim upon which relief can be granted.

**Third Affirmative Defense:** The City's employees, officials, and agents, to the extent they used force, used such force to defend themselves and/or others.

**Fourth Affirmative Defense:** To the extent Plaintiffs suffered a violation of any constitutional right, such right was not clearly established at the time Plaintiffs suffered said harm.

**Fifth Affirmative Defense:** Plaintiffs failed to use reasonable diligence to mitigate damages that they allegedly sustained.

**Sixth Affirmative Defense:** The City, as a municipality, cannot be liable for exemplary or punitive damages as a matter of law.

The City states that it may have unknown additional affirmative defenses that may be determined by discovery in this matter. Therefore, the City reserves its right to later assert additional affirmative defenses if further investigation discovers such facts.

WHEREFORE, the City of Oakland respectfully requests that this Court dismiss Plaintiffs' Second Amended Complaint with prejudice, enter judgment for the City of Oakland, and grant such other and further relief to which it may be entitled.

Dated: June 7, 2019

Respectfully submitted,

BARBARA J. PARKER, City Attorney

By: _____/s/ Ben Patterson_____
BEN PATTERSON, Deputy City Attorney
Attorney for Defendant
CITY OF OAKLAND